IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDE R. SHORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:10-cv-350-MEF |
| | ) | |
| MANDO AMERICAN CORPORATION, | ) | (WO – DO NOT PUBLISH) |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint, (Doc. # 15), filed on November 24, 2010.  Upon consideration of the motion, the attached Amended Complaint, (Doc. # 15 Ex. 1), and Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, (Doc. # 17), filed on December 8, 2010, the Court finds that the motion is due to be DENIED.

## RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff filed suit against Defendant on April 22, 2010, alleging discrimination based on age, race, and national origin, retaliation, and several state law torts.  (Doc. # 1)  Specifically, the complaint states seven Counts as follows:

Count 1:    Age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*;

Count 2:    Age discrimination and harassment in violation of the Alabama Age Discrimination in Employment Act ("AADEA"), as amended, Ala. Code §§ 25-1-20, *et. seq.* (1975);

Count 3:    Racial discrimination and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et*

*seq.*, as well as 42 U.S.C. § 1981;

Count 4:    Discrimination based on national origin in violation of Title VII;

Count 5:    Retaliation, apparently in violation of the ADEA and Title VII;[1]

Count 6:    Intentional infliction of emotional distress in violation of Alabama law; and

Count 7:    Negligent and wanton hiring, training, supervision, and retention in violation of Alabama law.

(Doc. # 1, at 5–13).  On May 19, 2010, Defendant filed its answer to the complaint.

(Doc. # 6).   Plaintiff filed the pending motion on November 24, 2010, seeking to amend

his complaint to include an additional count for a  violation of the Racketeer Influenced

and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, based upon

Defendant's practice of hiring illegal aliens.  (Doc. # 15 Ex. 1 ¶¶ 60–67).  Defendant

objects, claiming that the facts alleged by Plaintiff in support of the proposed Count 8 fail

to state a RICO claim upon which relief could be granted, and, therefore, the amendment

would be futile.

## DISCUSSION

### I. The Rule 15 Standard for Amending a Complaint

Because Defendant had filed an answer more than 21 days prior to the filing of the

motion for leave to amend the complaint, Plaintiff's motion necessarily arises under

---

[1] Count 5 does not explicitly state under what statutes Plaintiff claims retaliation.  However, his Equal Employment Opportunity Commission charges allege discrimination based on race age, and national origin as well as retaliation.  (Doc. # 1 Exs. 1, 2).  Presumably, these retaliation claims would fall under both Title VII (for race and national origin) and the ADEA (for age).

Federal Rule of Civil Procedure 15(a)(2).  *See* Fed. R. Civ. Pro. 15(a)(1)–(2).  Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. Pro. 15(a)(2).  In this case, Defendant clearly does not consent to Plaintiff amending his pleadings, and indeed, opposes the amendment which it contends is futile.  Thus, Plaintiff seeks leave of this Court to file the amendment, which, under Rule 15(a)(2), must be "freely give[n] when justice so requires."  *Id.*  The Supreme Court of the United States has held that leave to amend should be given "[i]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Therefore, "there must be a substantial reason to deny a motion to amend."  *Laurie v. Ala. Ct. of Crim. App.,* 256 F.3d 1266, 1274 (11th Cir. 2001).

Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Foman*, 371 U.S. at 182; *accord Laurie*, 256 F.3d at 1274; *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Under Eleventh Circuit precedent, "'denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.'" *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)).  The proposed amended complaint must include sufficient factual allegations "'to raise a right to relief above the speculative level'" and "'to raise a

reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of the plaintiff's claim. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Here, Defendant contends—and this Court agrees—that the proposed Count 8 would be futile in that it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 17, at 3).

## II. The 12(b)(6) Standard

A rule 12(b)(6) motion tests the legal sufficiency of a complaint against the standard set out in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In evaluating the legal sufficiency of a complaint, this Court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 559.  Here, Defendant contends that the RICO count would be subject to dismissal under 12(b)(6) because Plaintiff has failed to allege sufficient facts to establish the elements of a RICO claim.  (Doc. # 17, at 4).

### III. RICO Claims

Under RICO, it is illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Thus, as the Eleventh Circuit has explained, a plaintiff must prove the following four elements "to establish a federal civil RICO violation under 18 U.S.C. § 1962(c)": "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk Indust., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (per curiam) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994)).[2] In addition to these four elements, a plaintiff bringing a civil RICO claim must also satisfy the requirements of 18 U.S.C. § 1964(c), which states that "[a]ny person injured in his business or property by reason of" RICO's substantive provisions has the right to "recover threefold the damages he sustains." 18 U.S.C. § 1964(c). Thus, civil RICO claimants "must [also] show (1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Williams*, 465 F.3d at 1283. Here, Defendant claims that Plaintiff has failed to sufficiently allege a RICO enterprise and/or injury by reason of the substantive RICO violation.

The United States Supreme Court has held that an enterprise is a "group of persons

---

[2] That Plaintiff is bringing his civil RICO claim pursuant to 18 U.S.C. § 1962(c) is evident from his reliance on the Eleventh Circuit's decision in *Williams*. (Doc. # 15 Ex. 1 ¶¶ 64(a), 66, 71) (citing *Williams*, 465 F.3d at 1283, 1289).

associated together for a common purposes of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). As the Eleventh Circuit has explained:

> An enterprise 'includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity.' 18 U.S.C. § 1961(4). As stated in *United States v. Goldin Industries, Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000), 'the existence of an enterprise is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit.' (internal quotation marks and citation omitted). Furthermore, 'the definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation.' *Id.*

*Williams*, 465 F.3d at 1284. Thus, to have a valid RICO enterprise, there must be at least two separate and distinct entities. *See, e.g.*, *United States v. Goldin Indus.*, 219 F.3d 1268, 1270–71 (holding that the RICO enterprise must be separate and distinct from the RICO defendant); *Kelly v. Palmer, Reifler & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1378 (S.D. Fla. 2009) ("[T]o establish a valid enterprise to sustain RICO liability, [a plaintiff] must prove that each party to the enterprise is separate and distinct from the other.").

As here, *Williams* involved a 12(b)(6) challenge to a RICO claim based upon the defendant's "widespread and knowing employment and harboring of illegal workers." 465 F.3d at 1280. However, the *Williams* court found that the complaint sufficiently alleged a "'loose or informal' association of *distinct entities*"—*i.e.* a RICO enterprise—because the plaintiffs "alleged that [the defendant] *and third-party temp agencies/recruiters* have conspired to violate federal immigration laws, destroy documentation, and harbor illegal aliens." *Id.* at 1284 (emphasis added). Unlike

*Williams*, the proposed Amended Complaint at issue here fails to allege any third-party actors in the alleged RICO enterprise. *See, e.g.*, Doc. # 15 Ex. 1 ¶ 62 ("Defendant Mando has a years-long pattern and practice and regularly has done business that does not comply with 8 C.F.R. § 274a.2(b)(1)(ii), and that does not follow-up to make sure illegal alien employees have presented the necessary papers for completion or timely completion of his/her I-9 form and to establish his/her eligibility to work in the United States. Instead, Defendant Mando has for years engaged in patterns of racketeering unlawful practices described herein."); *see also id.* ¶¶ 60, 63–64, 66–67.  Because Plaintiff's proposed Count 8 fails to allege two distinct and separate entities engaging in the RICO enterprise—a necessary element for a RICO claim—there is no plausible claim for relief under and it would be subject to dismissal under Rule 12(b)(6).  As the proposed Count 8 is the only additional claim found in the proposed Amended Complaint, this Court finds that permitting such an amendment would be futile.[3]

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Leave to File Amended Complaint, (Doc. # 15), is DENIED.

DONE this the 7th day of February, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because this Court finds that Plaintiff's proposed Amended Complaint failed to plead facts sufficient to support the finding of a RICO enterprise, the issue of whether Plaintiff sufficiently alleged injury by reason of the substantive RICO violation need not be considered.