IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLAUDE R. SHORT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:10-cv-350-MEF |
| ) | |
| MANDO AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Defendant's Motions to Quash Subpoenas of Jerry Rolison and Nicole Rolison. (Doc. # 104 and 105). A party may move to quash a subpoena under Federal Rule of Civil Procedure 45(c)(3) in the following circumstances:

(1) the subpoena fails to allow a reasonable time to comply;

(2) the subpoena requires a non-party to travel more than 100 miles;

(3) the subpoena requires disclosure of privileged information including trade secrets, unretained expert opinions; and

(4) the subpoena subjects a person to an undue burden.

*See* F.R.C.P. 45(c)(3). The Defendant failed to enumerate any of these grounds in its motion, instead arguing that the testimony Jerry and Nicole Rolison would give would be irrelevant. A motion to quash is not the proper vehicle for this type of argument.

Additionally, the Defendant does not have standing to quash a subpoena. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (holding that only the person to

whom the subpoena is directed has standing to file a motion to quash).[1]  The Defendant has not alleged a personal right or privilege with respect to the documents.

Accordingly, it is hereby ORDERED that the Defendant's Motions to Quash (Doc. # 104 and 105) are DENIED.

Done this the 16th day of August, 2011.

                                         /s/ Mark E. Fuller
                                         UNITED STATES DISTRICT JUDGE

---

[1] In Bonner v. City of Prichard, Ala., 661 F.3d 1206, 1209 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions the Fifth Circuit handed down after September 30, 1981.